IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DENISE EDWARDS,

    Plaintiff,

v.

HSBC MORTGAGE SERVICES, INC.,

    Defendant.

CIVIL ACTION NO.
1:12-cv-4162-JEC

### ORDER & OPINION

This case is before the Court on the plaintiff's Motion for Leave to Amend Complaint [7], the defendant's Motion to Dismiss [4], the defendant's Motion to Dismiss Amended Complaint [11], and the defendant's Motion to Modify State Court Order [6]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the plaintiff's Motion for Leave to Amend Complaint [7] should be **GRANTED**, the defendant's Motion to Dismiss [4] should be **DENIED as moot**, the defendant's Motion to Dismiss Amended Complaint [11] should be **GRANTED**, and the defendant's Motion to Modify State Court Order [6] should be **DENIED as moot**.

### BACKGROUND

On October 30, 2012, Denise Edwards (hereafter, "Plaintiff") filed this action for wrongful foreclosure and wrongful eviction

AO 72A
(Rev.8/82)

seeking temporary and permanent injunctive relief against HSBC Mortgage Services, Inc. ("Defendant") in DeKalb County Superior Court. (Def.'s Notice of Removal [1].)  The property in foreclosure is located at 4301 Riverview Lane, Lithonia, Georgia 30038. (*Id.*) Judge Gregory A. Adams issued an order on November 27, 2012, requiring the defendant to be "restrained and enjoined from having Plaintiff evicted from her premises . . . and further that Plaintiff pay $3200.00 as monthly rent, into the Court Registry beginning December 1, 2012, until further order of this Court." (*Id.* at [1-1].)  On November 30, 2012, the defendant removed the suit to the United States District Court for the Northern District of Georgia. (Def.'s Notice of Removal [1].)  This Court determined it has proper jurisdiction over the case as the parties are completely diverse.[1]

The facts of the case will be taken as the Court understands them from the plaintiff's Amended Verified Complaint, filed on December 26, 2012.[2] (Pl.'s Am. Verified Compl. Seeking Inter Alia Temporary and Permanent Inj. Relief "Pl.'s Am. Compl." [10].) On September 25, 2006, the plaintiff entered into a residential mortgage

---

[1] The plaintiff is a citizen of the state of Georgia. (Pl.'s Am. Compl. [10] at ¶ 2.)  The defendant is incorporated in the state of Delaware and has its principal place of business in Florida. (Def.'s Notice of Removal [1] at ¶ 9.)

[2] As the Court is granting the plaintiff's motion to amend complaint, the plaintiff's amended complaint is the operative pleading.

loan transaction with Mortgage Electronic Recording Systems, Inc. ("MERS"), as the nominee for Solstice Capital Group, Inc. ("Solstice"). (*Id.* at ¶ 6.)  The plaintiff executed a security deed and a promissory note in favor of MERS for the amount of $489,500.00. (*Id.*)  Only the plaintiff and the MERS agent were present at the closing transaction. (*Id.* at ¶ 7.)  Agent Caren E. Barnes executed the closing documents as no attorney was present. (*Id.* at ¶¶ 7-10.) The plaintiff claims that the signing was unattested, meaning it was not subject to witnesses, and that all documents requiring her signature were not notarized at the time of signing. (Pl.'s Am. Compl. [10] at ¶ 14.)  Further, the word "attorney" in the Waiver of Borrower's Rights attached to the security deed was scratched out and the word "agent" replaced. (*Id.* at ¶ 7.)

    The plaintiff argues that MERS was not the "wet-ink holder" of the note as required by law, but instead sold the promissory note at an unknown time. (*Id.* at ¶¶ 16, 21-22.)  While the plaintiff alleges it is unknown who presently owns and holds the wet-ink original note, she states that the note was most likely securitized and held by a mortgage backed security trust. (*Id.* at ¶¶ 7, 16.)  She claims the promissory note was separated from the security deed at that time. (Pl.'s Am. Compl. [10] at ¶ 17.)

    It is undisputed that on January 25, 2012, MERS assigned the mortgage to the defendant at Deed Book 22843 Page 418, Dekalb County,

3

Georgia records.  (*Id.* at ¶ 20.)  The defendant claims plaintiff defaulted on her mortgage, and the plaintiff does not dispute that fact.  (Def.'s Mot. to Dismiss Am. Compl. "Def.'s Mot. to Dismiss" [11].)  The defendant subsequently sent a foreclosure notice to the plaintiff on May 3, 2012, which stated that the defendant was the secured creditor of the property.  (*Id.* at ¶ 25.)  The foreclosure was conducted on June 5, 2012 as provided under the terms of the notice.  (*Id.*)

The plaintiff avers that the defendant was neither the holder of the promissory note nor the grantee of the security deed on May 3, 2012.  (*Id.* at ¶ 26.)  The defendant responds that the promissory note and security deed were transferred and assigned to it on January 25, 2012 and that it was the assignee of the deed at the time of foreclosure.  (Def.'s Mot. to Dismiss [11].)  Attached to the defendant's motion to dismiss is the Corporate Assignment of Security Deed executed by the defendant and MERS, as nominee for Solstice. (*Id.* at [11-4].)  Both the promissory note and the security deed also are attached.  (*Id.* at [11-2], [11-3].)

The plaintiff has filed a motion to amend complaint.  (Pl.'s Mot. to Amend Compl. [7].)  The defendant has filed three motions: two motions to dismiss and a motion to modify state court order. (Def.'s Mot. to Dismiss [4] and [11], and Def.'s Mot. to Modify State Ct. Order [6].)  All of these motions presently are before the Court.

4

**DISCUSSION**

The plaintiff provides two arguments for her claim for wrongful foreclosure and wrongful eviction. First, the plaintiff asserts that because the defendant was not the holder of the security deed or the promissory note, it was not the Secured Creditor and thus could not foreclose on the plaintiff's property. (Pl.'s Am. Compl. [10] at ¶¶ 26-33.)  Second, the plaintiff avers that because the closing transaction was invalid, the defendant was not assigned a valid loan and thus could not foreclose on the plaintiff's property. (*Id.* at ¶¶ 7-13.) The plaintiff seeks temporary and permanent injunctive relief enjoining the defendant from foreclosing on the property.

**I.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

The plaintiff has filed a motion for leave to amend her complaint, requesting that she be allowed to correct the name of the mortgage companies referred to in the pleading.  (Pl.'s Mot. for Leave to Amend Compl. [7].)  Because the plaintiff has already amended her complaint once, Federal Rule of Civil Procedure 15(a)(2) governs the motion. Rule 15(a)(2) allows the plaintiff the right to amend her pleadings with the court's assent. FED. R. CIV. P. 15(a)(2). The standard is for the court to give leave for a plaintiff to amend "when justice so requires." *Id.*

Here, the defendant has not presented any evidence that the motion, if granted, would prejudice its case. In fact, the defendant

5

does not oppose the motion and has already filed a motion to dismiss the plaintiff's amended complaint.  In the interest of efficiency, the Court **GRANTS** plaintiff's motion for leave to amend complaint.  The plaintiff's Amended Verified Complaint will act as the operative pleading.  (*See* Pl.'s Am. Compl. [10].)

## II.  DEFENDANT'S MOTION TO DISMISS

As the plaintiff has amended her complaint, "[a]n amended pleading supersedes the former pleading[,] the original pleading is abandoned by the amendment, and [the original pleading] is no longer a part of the pleader's averments against his adversary."  *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotation marks and citations omitted).  Thus, the defendant's motion to dismiss is **DENIED as moot**.  (*See* Def.'s Mot. to Dismiss [4].)  The Court instead will consider the defendant's motion to dismiss amended complaint.

## III. DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  In deciding a motion to dismiss under Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff.  *See Randall v. Scott,*

6

610 F.3d 701, 705 (11th Cir. 2010).  That said, in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).   Pleadings that contain nothing more than "'labels and conclusions'" and "'a formulaic recitation of the elements of a cause of action'" do not meet the requirements of Rule 8(a)(2), nor do pleadings that merely provide "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."  *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005); *see also* FED. R. CIV. P. 12(d).  However, the Eleventh Circuit has recognized an exception to this rule "where certain documents and their contents are undisputed[.]  'In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'"  *Speaker v. U.S. Dep't of Health and Human Servs.*

7

*Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)(quoting *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337)(11th Cir. 2010)).  The court's review during the dismissal phase is not limited to documents submitted by the plaintiff:  "the defendant[] attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."  *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Here, the plaintiff claims that the defendant was not the secured creditor of the property as it was not the holder of the promissory note or the security deed. (Pl.'s Am. Compl. [10] at ¶¶ 26-33.)  Whether the defendant was the holder of the note and security deed, and thus the secured creditor, goes directly to the merits of the plaintiff's wrongful foreclosure and wrongful eviction claims.  The exact language of the Notice of Foreclosure Sale and the Foreclosure Deed will determine also whether it was the defendant who purported to foreclose on the plaintiff's property.  Thus, the defendant's attachments of the Promissory Note, the Security Deed, the Corporate Assignment of Security Deed, the Notice of Foreclosure Sale, and the Foreclosure Deed are central to the plaintiff's claim. (*See* Def.'s Mot. to Dismiss at [11-2] through [11-6].)  As plaintiff has responded to the defendant's motion to dismiss and has not challenged the authenticity of the attached documents, the Court will

consider the documents in assessing the defendant's motion to dismiss for the purposes of determining whether the complaint meets the *Twombly/Iqbal* plausibility standard.

    A.   <u>Whether Defendant is the Secured Creditor</u>

In order for a foreclosure to proceed, a notice "to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure." O.C.G.A. § 44-14-162.2. The plaintiff avers that the defendant was not the secured creditor as it was not the holder of the promissory note or the security deed at the time the notice was sent. (Pl.'s Am. Compl. [10] at ¶¶ 26-28.) The Georgia Court of Appeals has held recently that "nothing in Georgia law requires that an assignee of a security deed granting the right to foreclose must also hold the note before initiating foreclosure proceedings." *Larose v. Bank of Am., NA*, 321 Ga. App. 465, 466 (2013); *see also You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 74 (2013)(stating that the "holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if [the holder] does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."). As a secured creditor can foreclose on a property under Georgia law with only the security deed in hand, the question of whether the defendant held the promissory note is

9

irrelevant. The only question before the Court is whether the plaintiff's allegation that the defendant was not the security deed holder is plausible.

It is undisputed that MERS assigned the plaintiff's mortgage to the defendant on January 25, 2012. (Pl.'s Am. Compl. [10] at ¶ 20; Def.'s Mot. to Dismiss [11].) The Corporate Assignment of Security Deed clearly shows the assignment: "the said Mortgage having an original principal sum of $489,500.00 with interest, secured thereby . . . [MERS] hereby grants and conveys unto [the defendant], the Assignor's beneficial interest under the Mortgage." (Def.'s Mot. to Dismiss [11-4].) Further, the Corporate Assignment of Security Deed was filed and recorded on January 26, 2012 by the Clerk of the Superior Court, DeKalb County, Georgia.[3] (*Id.*)

While the Court is to assume the truth of factual allegations while considering a 12(b)(6) motion to dismiss, it does not have to accept naked assertions without factual backing. The defendant's attachments demonstrate that the defendant was the assignee of the security deed and the secured creditor of the property at the time of the foreclosure. The plaintiff challenges neither the authenticity

---

[3] "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located." O.C.G.A. § 44-14-162(b). The property in question is located in DeKalb County, Georgia. (Pl.'s Am. Compl. [10] at ¶ 2.)

nor the contents of the Corporate Assignment of Security Deed. Instead, the plaintiff provides a mere blanket response again denying that the defendant was the holder of the security deed. The Court concludes that the Complaint does not contain factual allegations that raise a reasonable expectation that discovery will reveal evidence that the defendant did not hold the security deed. *See Twombly*, 550 U.S. at 556. This claim is therefore dismissed.[4]

B.   <u>Whether the Loan Documents are Invalid</u>

The plaintiff also asserts that because the closing transaction was unattested and not conducted by a licensed attorney, the loan is invalid. (Pl.'s Am. Compl. [10] at ¶¶ 7-12.) As an invalid loan can not legally be assigned to the defendant, the foreclosure is allegedly illegal. (*Id.* at ¶ 13.) The Georgia Court of Appeals has held that "[a] written deed which is signed by the grantor, is supported by consideration, and identifies the land being conveyed is

---

[4] *See Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337 (11th Cir. 2005) (affirming the district court's consideration of a defendant's attached documents to dismiss a complaint); *Fed. Deposit Ins. Corp. v. Briscoe*, Civil Action No. 1:11-CV-02303-SCJ, 2012 WL 8302215 (N.D. Ga. Aug. 14, 2012)(Jones, J.)(dismissing a complaint after considering a related report not contained in the complaint); *McIntosh v. Bank of Am.*, No. 3:13-CV-21 (CDL), 2013 WL 1625119 (M.D. Ga. Apr. 15, 2013)(Land, J.)(dismissing a complaint after considering a copy of the notice of foreclosure supplied by the defendant); *McClung v. Mortg. Elec. Registration Sys., Inc.*, No. 2:11-CV-03621-RDP, 2012 WL 1642209 (N.D. Ala. May 7, 2012)(Proctor, J.)(dismissing a complaint after considering the defendant's attached mortgage contract).

valid and binding on the parties, even if the deed is not attested or recorded." *Z & Y Corp. v. Indore C. Stores, Inc.*, 282 Ga. App. 163, 173 (2006).[5]  "Thus, absent evidence of fraud, or duress, or some other coercive action, courts will uphold such unrecorded deeds between the parties." *Lionheart Legend, Inc. v. Norwest Bank Minn. Nat'l Ass'n*, 253 Ga. App. 663, 667 (2002).

It is undisputed that, on September 25, 2006, the plaintiff executed and signed the promissory note and security deed for $489,500.00 in favor of MERS as nominee for Solstice. (Pl.'s Am. Compl. [10] at ¶ 6.) The plaintiff does not dispute that the property related to the transaction was attached to the security deed. (Def.'s Mot. to Dismiss [11-3].) Further, the plaintiff does not contend that MERS attempted to defraud her or coerce her into signing the agreement. Consequently, under Georgia law, the absence of witnesses or an attorney at the closing transaction does not affect the legality of the deed between the parties.[6]  Thus, in the

---

[5] *See also Cent. Bank & Trust Co. v. Creede*, 103 Ga. App. 203, 203 (1961)(extending the same principle to mortgages, in holding that "a mortgage may be valid between the parties even though it is unattested or improperly attested and not recorded.").

[6] The plaintiff avers that "it is crucial that a person that is not an Attorney cannot conduct a valid residential closing." (Pl.'s Am. Compl. [10] at ¶ 11.) However, the plaintiff cites to no case law stating the proposition that an attorney must be present at a residential closing. The plaintiff puts forth no argument that she disagreed with the method of closing at the time of signing or that she was coerced into signing the deed by the parties present. The

absence of fraud or coercion, the Court finds the security deed binding on the plaintiff and MERS.

Additionally, it is undisputed that the language of the security deed grants MERS the full power of assignment: "[t]o have and to hold this property unto MERS . . . and to the successors and assigns of MERS, forever." (*Id.*) As the security deed was binding and enforceable between the plaintiff and MERS, the Corporate Assignment of Security Deed makes the deed valid between the plaintiff and the defendant. The Court dismisses the plaintiff's baseless contentions that the deed is invalid under Georgia law. Considering the plaintiff's remaining allegations, the Court finds that the plaintiff does not state a plausible claim that the defendant committed wrongful foreclosure or wrongful eviction. Accordingly, the defendant's motion to dismiss is **GRANTED** and the plaintiff's complaint due to be **DISMISSED**.

## IV.   DEFENDANT'S MOTION TO MODIFY STATE COURT ORDER

The defendant moves this Court to modify the November 27, 2012 Order to "instruct Plaintiff Denise Edwards . . . to pay $3,200.00 as monthly rent into this Court's Registry and not the Court Registry for the Superior Court of DeKalb County." (Def.'s Mot. to Modify State Order [6].) Under 28 U.S.C. § 1450, when an action is removed

---

Court does not distinguish the above cases involving unattested deeds from the present case involving the absence of an attorney.

13

to district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. As the plaintiff's complaint is due to be dismissed, the defendant's motion to modify the state court order is **DENIED as moot**. The Temporary Restraining Order imposed on November 27, 2012 by DeKalb County Superior Court Judge Gregory A. Adams is hereby dissolved.

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiff's Motion for Leave to Amend Complaint [7] should be **GRANTED**. The Court finds that the defendant's Motion to Dismiss [4] should be **DENIED as moot**, the defendant's Motion to Dismiss Amended Complaint [11] should be **GRANTED**, and the defendant's Motion to Modify State Court Order should be [6] **DENIED as moot**. The plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED, this 9th day of September, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE